IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN DEERE COMPANY, and CLYDE D'CRUZ, individual,<br><br>Defendants. | No. C12-2050<br><br>RULING ON MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on the Motion for Leave of Court to Amend Complaint Pursuant to F.R.C.P. 15(a)(2) Outside of the Scheduling Order (docket number 40) filed by the Plaintiff on February 22, 2013, and the Resistance (docket number 42) filed by the Defendants on March 8. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 13, 2012, Plaintiff Michael Joseph Sellers filed a complaint against Defendants John Deere Agri Services, Inc., Deere & Company a/k/a John Deere Company, and Clyde D'Cruz.[1] The complaint alleged age discrimination in violation of Title VII, retaliation in violation of Title VII, violation of the Americans with Disabilities Act, violation of the Age Discrimination in Employment Act, age discrimination in violation of the Iowa Civil Rights Act, retaliation in violation of the Iowa Civil Rights Act,

---

[1] Sellers later dismissed John Deere Agri Services, Inc. as a defendant.

and violation of the Iowa Equal Pay Act. Sellers filed an amendment to his initial complaint "as a matter of course" on August 21.[2]

On October 11, 2012, Sellers filed a motion for leave to amend his complaint a second time.[3] The Court granted Sellers' motion for leave to amend but, because of various defects in the proposed amended complaint, directed Sellers to file a new amended complaint. The amended complaint, which was filed on October 29, deleted some prior counts and added new counts, resulting in a total of eight counts. Notably, Count VII alleged entitlement to recover for defamation.

> That Defendant, John Deere, by and through its employees, including but not limited to Defendant, Clyde D'Cruz, published statements about Plaintiff that were defamatory in nature and were of and concerning Plaintiff, and these statements were published by John Deere employees while acting within the scope of their employment.

Amended Complaint (docket number 15) at 11-12, ¶ 56.

On November 12, 2012, Defendants filed a motion to dismiss certain counts and certain claims for relief. Among other things, Defendants argued that the defamation claim failed to meet the pleading requirement found in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). On February 14, 2013, the Court entered a ruling granting the motion. Specifically, the Court dismissed Sellers' defamation claim, finding it failed to meet the minimal pleading requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) and *Iqbal*.

---

[2] The amendment failed to comply with Local Rule 15, because it purported to state amendments which "should be considered fully pleaded herein as a part of Plaintiff's Original Complaint." Local Rule 15 prohibits the incorporation of a prior pleading by reference, but instead requires the party to produce an entire new pleading.

[3] This motion also failed to comply with Local Rule 15, which requires the moving party to "describe in the motion the changes sought." Sellers' motion states only that "certain claims need to be further explained and changed."

Four days later, on February 18, Sellers filed a motion for leave to amend his complaint, asking that he be permitted to amend the defamation count. Because the motion failed to comply with Local Rule 7.*l*, it was denied without prejudice. On February 22, Sellers took a second stab at it. Inexplicably, the second motion suffered from the same defect as the first, and was denied for the same reason. Hoping the third time would be the charm, Sellers then filed the instant motion seeking the same relief. In his proposed amended complaint, Sellers alleges:

> Specifically, Defendants defamed Plaintiff including but not limited to an ongoing incident wherein Clyde D'Cruz, John Deere's Human Resources Manager, Kevin Keith, as well as John Deere manager, Daria Jerauld, falsely accused Plaintiff of misrepresenting information and lying to outside auditors, and Clyde D'Cruz published these statements reflecting this false information to other managers, supervisors, and employees that were present during staff meetings, as well as to the outside auditing company; that Plaintiff suspects ongoing similar statements exist yet to be discovered based on circumstantial evidence and hearsay.

Proposed Amended Complaint (docket number 40-3) at 12, ¶ 57. Defendants apparently concede that the proposed amended complaint satisfies the pleading requirement of *Iqbal*.

Meanwhile, on November 26, 2012, the Court adopted a Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a February 4, 2013 deadline for amending the pleadings. Also at that time, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

## II. DISCUSSION

The Court first notes that the instant motion complies meticulously with Local Rule 15. It describes the change being sought (docket number 40-2) and attaches the proposed

amended complaint (docket number 40-3).[4] The motion alerts the Court (in compliance with Local Rule 7.*l*) that Defendants do not consent, and a supporting brief is attached (in compliance with Local Rule 7.d). Defendants resist the motion, arguing Sellers has not shown good cause for failing to file it timely, and asserting it should be denied for other reasons in any event.

### A. *Is There Good Cause for Failing to Timely File the Motion?*

The motion was not timely filed. Pursuant to an agreement of the parties, the Court established a February 4, 2013 deadline for amending pleadings. Sellers' first attempt to amend his defamation claim was on February 18, fourteen days after the deadline for amending pleadings. After two motions for leave to amend were denied without prejudice on technical grounds, Sellers filed the instant motion on February 22, 18 days after the deadline for amending pleadings.

"If a party files for leave to amend outside of the court's scheduling order, the party must show good cause to modify the schedule." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)."). Accordingly, the Court must determine whether Sellers has shown good cause for failing to timely file the motion.

Sellers essentially argues that there was good cause not to file the motion to amend his pleadings prior to the February 4, 2013 deadline, because prior to that time there was *no need* to amend. Sellers originally claimed a right to recover for defamation in his amended complaint, filed on October 29, 2012 — well before the deadline for amending

---

[4] The Court notes, however, that paragraph 57 in the Proposed Amended Complaint (docket number 40-3) is *not* the same as paragraph 57 in Sellers' Proposed Amendment to Complaint (docket number 40-2).

the pleadings. Sellers asserts that until the Court determined that the initial defamation count failed to comply with *Iqbal*, there was no need to amend. Defendants argue that Sellers was "placed on notice of the inadequacy of his claim" when Defendants filed their motion to dismiss on November 12, 2012 — nearly three months prior to the pleadings deadline.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If the movant has not been diligent in meeting the scheduling order's deadlines, the Court will not consider whether the nonmovant was prejudiced by the extension of the deadline. *Id.* at 717. The Eighth Circuit cases reviewing Rule 16(b) "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.*

Here, Sellers' initial (defective) motion for leave to amend was filed four days after the Court dismissed the defamation count, and just 14 days after the pleadings deadline expired. After two unsuccessful attempts, the instant motion was filed four days later. *If* the Court had found Sellers' initial defamation allegations to be compliant with *Iqbal* — and denied Defendants' motion to dismiss — then there would have been no need to seek the requested amendment. When the Court found the initial defamation count to be lacking, however, and dismissed the claim on February 14, Sellers' first attempt to amend his pleadings to comply with *Iqbal* came just four days later. Under these circumstances, the Court concludes that Sellers was diligent in attempting to comply with the pleadings deadline and, therefore, good cause has been shown for the late filing.

### B. Should the Motion be Denied for Other Reasons?

Defendants also assert the motion should be denied for other reasons, including undue delay, prejudice, and futility. The FEDERAL RULES OF CIVIL PROCEDURE establish a liberal standard for amending pleadings. The Court should freely give leave to amend

"when justice so requires." FED. R. CIV. P. 15(a)(2). The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *See U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). A denial of leave to amend may be justified "by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). Here, Defendants assert undue delay, unfair prejudice, and futility.

### 1. Undue Delay

The issue of undue delay is closely related to the good cause discussion set forth above. Defendants argue Sellers unduly delayed his motion to amend by waiting more than three months after Defendants "placed him on notice of the defamation pleading deficiency" when they filed their motion to dismiss. The Court concludes, however, that Sellers was not required to amend his pleadings simply because Defendants claimed they were defective. After the Court concluded that the pleadings failed to comply with *Iqbal*, Sellers filed a (defective) motion to amend four days later, and filed the instant motion four days after that. The Court finds no undue delay.

### 2. Unfair Prejudice

Defendants next argue that they will be unduly prejudiced by an amendment bringing the defamation issue back into play. According to their resistance, "[a]lthough Defendants began to seek discovery into Sellers's defamation claim, they halted that discovery upon entry of the Order that dismissed that claim."[5] According to Defendants,

---

[5] Defendants' Resistance (docket number 42) at 7.

if Sellers is permitted to renew his defamation claim, "it would substantially broaden the burden, cost, and resources Defendants would devote to discovery in this case."[6]

The Court notes that this action is in its early stages. The deadline for completion of discovery is December 31, 2013, more than nine months from now. While Defendants will presumably have to conduct discovery on the defamation allegations, the Court does not believe that constitutes *unfair* prejudice to Defendants.

### 3. Futility

Finally, Defendants argue that the motion to amend is futile, because the defamation claim is preempted by the Iowa Civil Rights Act. The Court first notes parenthetically that this argument was *not* raised by Defendants in their motion to dismiss Sellers' initial defamation claim. Sellers has not replied to the argument, and the time for doing so has expired.

The cases cited by Defendants in their brief are inapposite. In *Greenland v. Fairtron Corp.*, 500 N.W.2d 36 (Iowa 1993), the Court considered the preemptive effect of the Iowa Civil Rights Act on "alternative claims." At that time, the provisions of Iowa Code Chapter 216 were found in Chapter 601A. In addition to claims of discrimination, Greenland asserted "alternative claims" of intentional infliction of emotional distress, assault, and battery. The Court recognized that "[p]reemption occurs unless the claims are separate and independent, and therefore incidental, causes of action." *Id.* at 38. That is, the alternative claims are preempted if the plaintiff must prove discrimination to be successful in them. *Id.* The Court concluded that "it is impossible for Greenland to establish the emotional distress she alleges without first proving discrimination." *Id.* Accordingly, her claim for intentional infliction of emotional distress was preempted by her Chapter 601A claim. The Court further concluded, however, that "Greenland's claims

---

[6] *Id.*

for assault and for battery are not bound up in her discrimination complaints." *Id.* at 39. That is, her assault and battery claims were "complete without any reference to discrimination." *Id.* Accordingly, the assault and battery claims were not preempted.

Here, Sellers asserts in his proposed amendment that Defendants falsely accused him of "misrepresenting information and lying to outside auditors." This allegation is independent of Sellers' claim of discrimination. Because it is possible for Sellers to prove defamation without proving a Chapter 216 violation, the claim is not preempted. *Id.* at 38 ("The test is whether, in light of the pleadings, discrimination is made an element of the alternative claims."). *See also Smidt v. Porter*, 695 N.W.2d 9, 17 (Iowa 2005) ("The ICRA preempts a claim when, 'in light of the pleadings, discrimination is made an element of' the claim."). Therefore, Defendants' argument that the proposed defamation claim is futile because it is preempted by the Iowa Civil Rights Act is without merit.

Defendants further argue, however, that *other* parts of the proposed amended complaint are futile because they are identical to allegations which were previously dismissed by the Court. In the Court's Order of February 14, 2013, it dismissed those parts of Counts I, II, and III which assert a claim against Defendant Clyde D'Cruz, individually. The Court also dismissed Sellers' claims of emotional distress and punitive damages in Counts I and III. The Court also dismissed the common-law negligence claim found in Count VIII of the amended complaint. Finally, the Court concluded that Sellers may not assert a claim for wage discrimination (Count VI) which occurred prior to April 28, 2009. Sellers' proposed amended complaint realleges all of those same arguments. To the extent Sellers is attempting to replead those parts of the prior amended complaint which have been dismissed by the Court, it is futile and will not be permitted.

### III. SUMMARY

For the reasons set forth above, the Court concludes that Sellers should be permitted to amend his complaint to include a claim for alleged defamation. Sellers will not be

permitted, however, to replead those portions of his prior amended complaint which have already been dismissed by the Court. Accordingly, Sellers may file a second amended complaint which is fully compliant with the Court's Order of February 14, 2013, and this Ruling.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion for Leave to Amend (docket number 40) is **GRANTED in part** and **DENIED in part** as follows: Not later than March 26, 2013, Sellers may file a second amended complaint which is fully compliant with the Court's prior Ruling on Motion to Dismiss (docket number 35) and this Ruling.

DATED this 19th day of March, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA