UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH SELLERS, <br><br> Plaintiff, <br><br> v. <br><br> DEERE & COMPANY a/k/a JOHN DEERE COMPANY, CLYDE D'CRUZ, individual, <br><br> Defendants. | No. 12-cv-02050-JSS <br><br><br> **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 56, Defendants Deere & Company ("Deere") and Clyde D'Cruz move for summary judgment on all claims asserted by Plaintiff, Michael Sellers. In support of their motion, Defendants state:

1. Sellers's Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act ("ADA"), Iowa Civil Rights Act ("ICRA"), and defamation claims arise out of his employment relationship with Deere.

2. Sellers was a Process Pro at Deere. In that role, he was responsible for process improvement projects that increase Supply Management productivity and performance; process development; and facilitating departmental planning, among other responsibilities.

3. Sellers began working as a Process Pro in April 2002, and at that time he reported to Clyde D'Cruz.

4. In August 2003, Sellers began reporting to Daria Jerauld, who in turn reported directly to D'Cruz.

5. At Deere, every salaried employee is assigned a pay grade.

6. In or around 2002, Deere began the process to evaluate the pay grades of each salaried position in its organization through the Global Jobs Evaluation ("GJE") process.

7. GJE is a formal job evaluation system that is used to assess the work of employees across an organization.

8. Deere hired a third party, the Hay Group, to assist in its implementation of GJE.

9. GJE was structured with multiple levels of review and cross-checking to ensure that similar positions were mapped to the same job grade across Deere's worldwide organization.

10. On May 1, 2004, GJE was implemented.

11. GJE mapped Sellers's position as a Process Pro, which was Grade 7.

12. Prior to GJE, Sellers was a Process Pro at Grade 7. Consequently, his grade, salary, and duties did not change following GJE.

13. On March 1, 2005, Sellers took medical leave from his employment with Deere, which Deere allowed him to do.

14. On March 31, 2005, while on medical leave, Sellers emailed five individuals at Deere an internal complaint regarding multiple issues.

15. On April 26, 2005, Sellers filed an administrative complaint with the EEOC alleging age and disability discrimination. That charge was cross-filed with the Iowa Civil Rights Commission.

16. In March 2006, Sellers began receiving long-term disability benefits from Deere. He continues to receive them today.

17. Sellers never returned to work from medical leave.

18. Sellers submitted an application to the Social Security Administration for SSDI. Sellers asserted a disability onset date of March 1, 2005. The Social Security Administration approved Sellers for SSDI, and he continues to receive those benefits today.

19. Sellers's disparate treatment age and disability discrimination claims fail as a matter of law.

20. First, Sellers cannot meet his prima facie age or disability discrimination claim because he did not experience adverse action.

21. Second, Sellers cannot meet his prima facie age or disability discrimination claim because he cannot show that there is any inference of discrimination for any of the complained-of conduct.

22. Third, even if Sellers could satisfy his prima facie case for the age and disability discrimination claims, he cannot generate a genuine issue of material fact that shows Deere and D'Cruz's reasons for the complained-of conduct was a pretext for age or disability discrimination.

23. Sellers's hostile-work-environment claims based on his age and disability fail as a matter of law.

24. The complained-of conduct here does not satisfy the demanding legal definition of "harassment."

25. Sellers's hostile-work-environment claims also fail because there is no evidence that the complained-of conduct altered the terms and conditions of his employment at Deere.

26. Sellers's retaliation claims under the ADA, ADEA, and the ICRA also fail as a matter of law.

27. Sellers cannot meet his prima facie burden on his retaliation claims because none of the complained-of conduct constitutes an adverse action.

28. Sellers also fails to meet his prima facie burden for his retaliation claims because there is no evidence that any of the complained-of conduct was caused by or resulted from his protected conduct in submitting an internal complaint on March 31, 2005, or later filing a civil rights complaint with the EEOC on April 26, 2005.

29. Before March 31, 2005, Sellers did not engage in protected conduct under the ADA, ADEA, or the ICRA.

30. Even if Sellers could satisfy his prima facie retaliation claim, it would nevertheless fail because he cannot show that the legitimate business reasons for the complained-of conduct were a pretext for retaliation.

31. Sellers's wage discrimination claim under Iowa Code § 216.6A fails as a matter of law because since Section 216.6A became effective, Sellers did not earn any wages from Deere. The Court previously held that Sellers is barred from recovering for claims that pre-date the effective date of that statute.

32. Sellers's defamation claim fails as a matter of law because it is untimely, is not supported by any admissible evidence, is protected opinion, is protected by the qualified privilege, and because he cannot satisfy the publication element of that claim.

33. A plaintiff may only prevail on statutory discrimination and retaliation claims if the plaintiff administratively exhausts that claim through the appropriate civil rights agency.

34. A plaintiff may only prevail on a civil rights claim if the plaintiff administratively exhausts that claim through the appropriate civil rights agency.

35. Because Sellers failed to exhaust his administrative remedies based on various alleged discriminatory or retaliatory acts under the ADA, ADEA, and the ICRA, those claims may be dismissed.

36. Because Sellers failed to exhaust any of his statutory discrimination or retaliation claims against the individually named Defendant, Clyde D'Cruz, Sellers's statutory discrimination and retaliation claims against D'Cruz should be dismissed.

37. The doctrine of laches provides that a plaintiff who inexcusably and unreasonably delays filing a statutory discrimination or retaliation claim in court may be barred from recovery if the defendants are prejudiced by that delay.

38. Sellers delayed filing his claims in Court for seven years.

39. Under clear precedent, a seven-year delay is inexcusable and unreasonable.

40. Defendants are materially prejudiced by Sellers's delay because key fact witnesses cannot recall facts that Sellers has argued to be important in this case. As a result, Sellers is the only witness with testimony or memory about these facts—and even Sellers acknowledges that the delay in filing suit has prevented him from remembering key facts.

41. This warrants application of the doctrine of laches to Sellers's statutory discrimination and retaliation claims.

42. Additionally, Sellers's settlement of a worker's compensation claim based upon the same facts and alleged injuries bars his claims in this case.

43. The collateral source rule does not permit a plaintiff from recovering duplicative damages. Because Sellers has received long-term disability benefits for a period of time following his last day of work at Deere, any damages he receives following a jury trial should be offset by the long-term disability benefits Deere paid to him.

44. In support of this motion, Defendants submit a supporting brief, a statement of undisputed material facts, and an appendix, as Local Rule 56a requires.

For these reasons, Defendants respectfully request that the Court grant their motion for summary judgment in its entirety, dismiss with prejudice Michael Sellers's Second Amended Complaint, and enter judgment in favor of Defendants and against Plaintiff, at Plaintiff's cost.

/s/ Frank Harty
/s/ Debra Hulett
/s/ Angel A. West
/s/ Frances M. Haas
/s/ Ryan W. Leemkuil
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
Telephone: 515-283-3100
Facsimile: 515-283-3108
Email: fharty@nyemaster.com
Email: aaw@nyemaster.com
Email: dlhulett@nyemaster.com
Email: fmhaas@nyemaster.com
Email: rwleemkuil@nyemaster.com
ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

   I hereby certify that on February 3, 2014, I presented the foregoing document to the Clerk of the Court for filing and uploading into the ECF system, which will send notification to the following ECF system participants:

Gregory T. Racette
HOPKINS & HUEBNER, P.C.
2700 Grand Avenue, Suite 111
Des Moines, Iowa 50312
Telephone: 515-244-0111
Facsimile: 515-697-4299
Email: gracette@hhlawpc.com
ATTORNEYS FOR PLAINTIFF

                /s/ Debra Hulett